IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:17-CR-63  (TJM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JUSTIN CRANDALL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S SECOND SENTENCING MEMORANDUM

Introduction

The government hereby files its second sentencing memorandum.  We briefly address arguments raised in Justin Crandall's sentencing memorandum.

The Guidelines Sentence Is Correctly Scored As 1080 Months (90 Years) Incarceration

Defendant Justin Crandall argues that the guidelines sentence in this case is "life" and not 1080 months (90 years) incarceration.  Crandall thereafter also proceeds to calculate a "life expectancy" term of much less than 1080 months and argues that such a "life expectancy" sentence is therefore the guidelines sentence.  Crandall is wrong.  Crandall's novel theory is not supported by the law or the guidelines provisions.

As to each of counts 1, 2 and 4, the statutory minimum term of imprisonment is 15 years on each count and the statutory maximum term is 30 years imprisonment on each count, pursuant to 18 U.S.C. § 2251(e).  Thus, the statutory minimum term of imprisonment that the Court can impose on defendant is 15 years and the statutory maximum term that the Court can impose is 90 years imprisonment.  As for the U.S.S.G. provisions, defendant's total offense level is a 43 and his criminal history category is a II.  Defendant's guideline imprisonment range would be Life imprisonment except for the following.  As no count of conviction carries a potential life

1

sentence and the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range, the U.S.S.G. range becomes 1,080 months (90 years), which is the combined length of the authorized statutory maximum sentences in this case. Furthermore and pursuant to U.S.S.G. §5G1.2(d), if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

The guidelines sentence of 1,080 months (90 years) is correctly calculated, pursuant to U.S.S.G. §5G1.2(b), which directs for all counts not covered by subsection (a), the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law (such as where a statutorily required minimum sentence or a statutorily authorized maximum sentence otherwise requires). Application Note 3 of §5G1.2 offers further instruction, providing the following commentary:

> The defendant's guideline range on the Sentencing Table may be affected or restricted by a statutorily authorized maximum sentence or a statutorily required minimum sentence not only in a single-count case, but also in a multiple-count case. In particular, where a statutorily authorized maximum sentence on a particular count is less than the minimum of the applicable guideline range, the sentence imposed on that count shall not be greater than the statutorily authorized maximum sentence on that count. See §5G1.1(a).

In the present case, no count of conviction carries a statutory maximum sentence of life; therefore, the guideline range cannot be life. Instead, the guideline range must be calculated pursuant to §5G1.2(d), which instructs that if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment (i.e., the combined length of the sentences to be imposed), then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. See, U.S. v. Petrie, 524 Fed.Appx. 746 (2013) and U.S. v. Ketcham, 507 Fed.Appx.

42 (2013).  In this case, the PSR correctly calculated the defendant's offense level and Guidelines range, as well as his "total punishment" of 1080 months (90 years).  See, <u>United States v. Brown</u>, 843 F.3d 74, 82 (2d Cir. 2016) ("The district court correctly determined that the Guidelines range was 110 years based on the stacking maximums for the three production counts, which each carried a statutory maximum of 30 years, and the two possession counts, which each carried a statutory maximum of 10 years."); see also <u>United States v. Howells</u>, 676 Fed. App'x. 55, 57-58 (2d Cir. 2017) (rejecting defendant's "life expectancy" argument, and finding that the court did not err in stacking maximum sentences on all offenses of conviction to arrive at a "total punishment" of 580 years).

      Thus, Justin Crandall's "life expectancy" and life sentence arguments are without merit.

<u>Below Guidelines Sentence Argument</u>

      Defendant argues for a below guidelines sentence.  The government opposes a below guidelines sentence and we also oppose each of defendant's arguments for such a sentence.  The horrific acts committed by defendant and his co-defendant in this case over a 2 month period upon a 17 month old child call for a guidelines sentence.  Any sentence less than a guidelines sentence would fail to bring justice to this victim.

      The government incorporates herein our sentencing recommendations and reasoning as set forth in our first sentencing memorandum.


GRANT C. JAQUITH
United States Attorney

*Miroslav Lovric*
_____          7/22/2018
Miroslav Lovric                                                                Date
Assistant United States Attorney
Bar Roll No. 301490

CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on July 22, 2018, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case.  The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22.  As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed.  Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

*Miroslav Lovric*
Assistant U.S. Attorney